NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVRAM L. GOTTLIEB,<br><br>    Petitioner,<br><br>    v.<br><br>STEPHEN D'ILLIO,<br><br>    Respondent. | Civil Action No. 14-1863 (FLW)<br><br>OPINION |

**APPEARANCES**:

>AVRAM L. GOTTLIEB, #173734B
>New Jersey State Prison
>P.O. Box 861
>Trenton, New Jersey 08625
>Petitioner *Pro Se*

**WOLFSON, District Judge**:

Avram L. Gottlieb, a New Jersey sentenced inmate who is incarcerated at New Jersey State Prison, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  In the Petition, Gottlieb challenges a New Jersey sentence imposed by judgment filed December 19, 1997, in the Superior Court of New Jersey, Law Division, Somerset County.  For the reasons explained below, this Court will summarily dismiss the Petition and deny a certificate of appealability.

**I.   BACKGROUND**

After a trial, a jury found Gottlieb guilty of first-degree robbery and unlawful control of moveable property in the third degree.  (ECF No. 1 at 2.)  On December 19, 1997, the trial court sentenced him to 25 years to life, with 25 years of parole ineligibility, on the robbery charge and a consecutive five-year term on the unlawful control of moveable property charge.  Gottlieb appealed his conviction.  On February 15, 2000, the Appellate Division of the Superior Court of New Jersey

affirmed the conviction and sentence, and on July 7, 2000, the New Jersey Supreme Court denied certification.  *See State v. Gottlieb,* 165 N.J. 486 (2000) (table).  Gottlieb does not indicate in his § 2241 Petition whether or not he pursued post-conviction relief.

On March 20, 2014, Gottlieb signed the form § 2241 Petition presently before the Court.  Gottlieb's § 2241 Petition challenges his New Jersey sentence on the following grounds:  (1) Petitioner's incarceration violates the Constitution because his sentence was imposed in violation of *Apprendi v. New Jersey,* 530 U.S. 466 (2000); (2) Because the maximum sentence for a first-degree crime in New Jersey is 20 years in prison and Petitioner has served 20 years in prison, he should be released; (3) "Petitioner must be immediately released as a matter of law as he has long ago completed service of the maximum 20-yr. sentence even w[ith] 5 yrs. consecutive;" (4) New Jersey courts "have refused to correct petitioner's illegal sentence despite numerous motions and filings seeking relief." (ECF No. 1 at 5.)

## II.   DISCUSSION

A.  Jurisdiction

On the face of the § 2241 Petition, Gottlieb expressly states his intention to pursue habeas relief under 28 U.S.C. § 2241, rather than under 28 U.S.C. § 2254:

> This motion is solely limited to a test of the legality of the petitioner's sentence and not the underlying conviction; therefore a "2254" is not the appropriate filing.  This motion should not be construed as a "2254" habeas proceeding designed to test the legality of the underlying conviction.  Rather petitioner should be immediately released having served the maximum legally imposable term on the date of sentencing.  And, he would then be free to pursue challenges to the underlying conviction as he sees fit.

(ECF No. 1 at 7.)

Section 2241 confers jurisdiction on District Courts to issue writs of habeas corpus in response to a petition from a person who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  Section 2254 confers jurisdiction on District Courts to

issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

In *Coady v. Vaughn*, 251 F. 3d 480 (3d Cir. 2001), Coady, a Pennsylvania prisoner, filed a petition pursuant to 28 U.S.C. §§ 2241 and 2254 challenging a decision of the state parole board denying his application for release on parole. The District Court adopted the recommendation of the Magistrate Judge, which construed the matter as a § 2241 petition and dismissed the petition for failure to state a claim. On appeal, the Third Circuit determined that the District Court had no jurisdiction under § 2241, as the exclusive remedy for a person confined pursuant to the judgment of a state court is a habeas corpus petition under 28 U.S.C. § 2254, which statute requires the petitioner to exhaust state court remedies before filing the § 2254 petition. *See Coady*, 251 F.3d at 484-85.

As § 2254 is the exclusive remedy for a person challenging custody imposed by a judgment of a state court, this Court lacks jurisdiction under § 2241 to entertain Gottlieb's challenge to his incarceration; this Court will dismiss the § 2241 Petition for lack of jurisdiction. *See Keeling v. Commonwealth of Pa.,* 519 F.App'x 120 (3d Cir. 2013) (Because "Congress has attached restrictions to Section 2254 proceedings that should not be circumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241," the District Court properly dismissed Keeling's § 2241 petition challenging his state incarceration) (quoting *Coady*, 251 F.3d at 485); *Washington v. Sobina*, 509 F.3d 613, 619 n.5 (3d Cir. 2007) ("We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241."); *Mayer v. Corbett,* 186 F.App'x 262, 264 (3d Cir. 2006) (affirming dismissal of Mayer's § 2241 petition challenging current state custody because § 2254 is the proper vehicle for his claims); *Aruanno v. New Jersey,* Civ. No. 13-5704 (WJM), 2013 WL 5574778 (D.N.J. Oct. 8, 2013) (holding that District Court lacked jurisdiction to entertain petitioner's challenge to his state sentence under § 2241), *certificate of appealability denied,* C.A. 13-4256

(3d Cir. Mar. 6, 2014). The dismissal of the § 2241 petition is without prejudice to the filing of a § 2254 petition challenging Gottlieb's sentence.[1]

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and denies a certificate of appealability.

    s/Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J.**

DATED:   April 7, 2014

---

[1] Although a § 2254 petition must generally be filed within 365 days of the date on which the state judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, *see* 28 U.S.C. § 2244(d)(1), this Court will direct the Clerk to provide the proper § 2254 form to Gottlieb.